LUTTIG v BRUSHER

Docket No. 79110. Submitted October 8, 1985, at Lansing.—Decided December 2, 1985. Leave to appeal applied for.

Plaintiff, Allen L. Luttig, an antique dealer, brought an action against defendants Frederick Brusher and Margaret Brusher, doing business as the Antiques Market, and the Washtenaw Farm Council and its corporate officers, jointly and severally. Plaintiff sought damages and an injunction against defendants restraining them from preventing plaintiff from exhibiting his antiques at defendants' market. Plaintiff alleged that defendants' policy of accepting only antique exhibitors who agree not to exhibit at any other market in Michigan or Northern Ohio is an illegal restraint of trade contrary to MCL 445.761 and MCL 445.701. Defendants moved for summary judgment for failure to state a claim upon which relief can be granted. The Washtenaw Circuit Court, Patrick J. Conlin, J., denied plaintiff's request for a preliminary injunction and granted defendants' motion for summary judgment. Plaintiff appealed as of right. *Held:*

1. MCL 445.761, by its express terms, applies only to "agreements and contracts". Defendants' policy of accepting only antique exhibitors who agree not to exhibit at any other market in Michigan or Northern Ohio was not part of an agreement or contract between the parties but merely a policy statement. The statute has no application since the statute does not purport to void policy statements which, if voluntarily followed, might have the effect of restraining trade.

2. MCL 445.701, by its express terms, applies to persons who contract to engage in any of the activities the statute lists. The statute has no application since defendants have not contracted with any persons to engage in any of the activities listed in the statute.

3. There is no law or public policy in Michigan which would

REFERENCES

Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Trade Practices §§ 446, 457.

See the annotations in the ALR3d/4th Quick Index under Restraints of Trade and Monopolies.

require persons or businesses to contract and do business with other persons or businesses, as long as their decision not to do business is not based upon discriminatory or otherwise illegal grounds.

Affirmed.

1. MONOPOLIES — RESTRAINT OF TRADE.

The statute which prohibits agreements in restraint of trade, by its express terms, applies only to "agreements and contracts"; it does not apply to policy statements which may accompany, but are entirely separate from, agreements and contracts and which if voluntarily followed might have the effect of restraining trade (MCL 445.761; MSA 28.61).

2. MONOPOLIES — RESTRAINT OF TRADE.

The statute which prohibits trusts in restraint of trade, by its express terms, applies to persons who contract with any persons to engage in any of the activities it lists (MCL 445.701; MSA 28.31).

3. MONOPOLIES — RESTRAINT OF TRADE — CONTRACTS NOT TO DO BUSINESS.

There is no law or public policy in Michigan which would require persons or businesses to contract and do business with other persons or businesses, as long as their decision not to do business is not based upon discriminatory or otherwise illegal grounds.

*George Hamilton Foley,* for plaintiff.

*Michael D. Highfield,* for defendants Frederick Brusher and Margaret Brusher.

Before: J. H. GILLIS, P.J., and CYNAR and R. L. EVANS,* JJ.

J. H. GILLIS, P.J. Plaintiff appeals as of right from an order granting summary judgment for defendants. Plaintiff, a full-time antique dealer, alleged that defendants' policy of accepting only antique exhibitors who agree not to exhibit at any other market in Michigan or northern Ohio is an

---

* Recorder's court judge, sitting on the Court of Appeals by assignment.

illegal restraint of trade contrary to MCL 445.761; MSA 28.61 and MCL 445.701; MSA 28.31. The effect of defendants' policy is to force plaintiff to choose between exhibiting his goods at defendants' highly respected and profitable antique market or at all other Michigan and northern Ohio antique shows which are not similarly restricted.

In his complaint filed August 15, 1983, plaintiff alleged that he had contracted with defendants Frederick and Margaret Brusher, doing business as The Antiques Market, to exhibit at their July and August, 1983, shows. The Brushers conduct eight one-day markets per year. Plaintiff was barred from participating in the July and August shows after the Brushers notified him that he had been seen at competing markets.

The dispute in this case concerns the following paragraph, included in a letter which apparently accompanied the exhibitor's lease agreement. The paragraph states:

"We remind you again of the policy we have always maintained and will continue. To protect you and the market we ask you to limit your participation in exhibits or shows in Michigan and nearby northern Ohio areas, during the market season. For those who choose other markets and shows, please do not sign a contract with us. We will keep the Ann Arbor Antiques Market completely different in dealers, merchandise and quality. In the past we have made an exception for those who had a long standing tradition of doing certain shows—a few use the excuse they can take poor quality merchandise to these other places not suitable for Ann Arbor, there are many months after the market closes in November and before our April opening to dispose of inventory excess. The Ann Arbor Antiques Market has an enviable reputation for quality, we cannot risk this for a limited few who take exception to our policy. These few exceptions we have made in the past, we hope we can eliminate, if not we request they not sign a

market contract in the months they feel they will continue to do other shows. This is really a very minor problem involving less than twenty dealers. We will include in our advertising for 1983, no duplication of dealers in any other antique show in Michigan and northern Ohio during the market season. We appreciate your full cooperation."

Plaintiff's complaint at the trial level and his argument on appeal is that this "policy statement" is illegal under the terms of the following statute:

"All agreements and contracts by which any person, co-partnership or corporation promises or agrees not to engage in any avocation, employment, pursuit, trade, profession or business, whether reasonable or unreasonable, partial or general, limited or unlimited, are hereby declared to be against public policy and illegal and void." MCL 445.761; MSA 28.61.

We find no merit to the plaintiff's argument, although for a different reason than that relied upon by the trial court in granting defendants' motion for summary judgment. By its express terms, the statute applies only to "agreements and contracts". The paragraph quoted above is neither an agreement nor a contract, nor does plaintiff refer to it as such in his pleadings or brief on appeal. Rather, this "policy statement" was contained in a letter which accompanied, but was entirely separate from, the exhibitor's lease agreement. Furthermore, the policy statement does not purport to extract a promise from the plaintiff in exchange for defendants' agreement to allow the exhibition of plaintiff's wares at the Antiques Market. Rather, the paragraph merely expresses the defendants' desire to conduct a unique antique market and requests that, in the event plaintiff intends to display his antiques at other markets, "please do not sign a contract with us". This

paragraph does not even rise to the level of a future promise; in fact, nothing at all has been promised. We therefore conclude that MCL 445.761; MSA 28.61 has no application since that statute does not purport to void policy statements which, if voluntarily followed, might have the effect of restraining trade.[1]

Plaintiff also argues that the defendants' policy is in violation of MCL 445.701; MSA 28.31 (repealed by 1984 PA 274, § 17, effective March 29, 1985, new sections MCL 445.772, 445.773; MSA 28.70[2], MSA 28.70[3]), which, at the time of trial, provided in pertinent part:

"It shall hereafter be unlawful for two [2] or more persons, firms, partnerships, corporations or associations of persons, or of any two [2] or more of them, to make or enter into or execute or carry out any contracts, obligations or agreements of any kind or description, by which they shall bind or have bound themselves not to sell, dispose of or transport any article or any commodity or any article of trade, use, merchandise, commerce or consumption below a common standard figure or fixed value, or by which they shall agree in any manner to keep the price of such article, commodity or transportation at a fixed or graduated figure, or by which they shall in any manner establish or settle the price of any article, commodity, or transportation between them or themselves and others, so as to directly or indirectly preclude a free and unrestricted competition among themselves, or any purchasers or consumers, in the sale or transportation of any such article or commodity, or by which they shall agree to pool, combine, or directly or indirectly unite any interests that they may have connected with the sale or transportation of any such article or commodity, that

---

[1] Since plaintiff did not allege in his complaint that the defendants breached the lease agreement by refusing to permit him to display his antiques, but rather sought only to have the policy statement declared illegal, we express no opinion as to whether the defendants' actions were justified under these facts.

its price might in any manner be affected. Every such trust as is defined herein is declared to be unlawful, against public policy and void: * * *."

Again, we find that the cited statute has no application here because defendants have not contracted with any other parties to engage in any of the activities listed in the statute. Rather, defendants' policy statement indicates merely that they will *decline to contract* with any antique dealers who choose to display their goods at other markets. We are aware of no law or public policy in this state which would require persons or businesses to contract and do business with other persons or businesses as long as their decision not to do business is not based upon discriminatory or otherwise illegal grounds. See *Metro Club, Inc v Schostak Brothers & Co, Inc,* 89 Mich App 417, 421; 280 NW2d 553 (1979). Defendants' attempt to provide the public with a unique product does not unreasonably infringe upon the plaintiff's right to pursue his trade, but instead merely restricts plaintiff's access to one, albeit prestigious, outlet for his wares. We find no justification for reversing the order of the trial court.

Affirmed.